N. D. MOORE *v.* M. D. MOORE.

N. D. MOORE *v.* W. J. MOORE.

W. W. GODDARD ET AL *v.* M. D. MOORE.

**Appeal and Error—A Defendant Cannot Maintain an Appeal Against a Co-defendant.**

The appellants, Goddard and others, neither attacked the mortgage nor, by impleading, litigated with the appellee, N. D. Moore, the question of priority, nor claimed any judgment against him. Held, that as co-defendants with him, they cannot maintain an appeal against him.

**Indemnity—Mortgage—Surety of Replevin Bond—Priority.**

Held, that where the mortgagee's suretyship on a replevin bond was simultaneous with the mortgage for his indemnity, his claim on account of the replevin bond had priority over all others.

APPEAL FROM HARRISON CIRCUIT COURT.

February 17, 1870.

OPINION OF THE COURT BY JUDGE ROBERTSON:

In these consolidated cases there are four several appeals—1st, an appeal by N. D. Moore from M. D. Moore's judgment against him—2nd, a cross appeal by the latter against the former—3rd an appeal by N. D. Moore against W. J. Moore, and 4th an appeal, by Goddard, Berry and Glove against M. D. Moore.

All the judgments appealed from by the original appeals must be affirmed and the cross appeal must prevail, for reasons applicable to each in its numerical order—

First appeal— The land mortgaged by N. D. Moore to M. D. Moore was fairly sold for a full price and the proceeds applied to the liabilities of N. D. Moore who therefore, has no equitable claim for damages merely because he did not assent to all the sales as necessary, when they were so—nor is there any just ground for his objecting to the distribution of the proceeds—nor can he question, in this case, the settlement in the county court confirmed by the circuit court by which he is now concluded as the entire evidence on which that judgment was rendered does not appear

in this case record by bill of exceptions or otherwise. Perceiving no error to the prejudice of N. D. Moore the judgment on the appeal is therefore affirmed.

Second . As cross appellant's counter claim was not traversed he was entitled to a judgment, as prayed for—and the judgment against him on that claim was erroneous.

Third appeal. The record will not allow us to recide that too much was allowed to W. J. Moore against N. D. Moore or that N. D. Moore has been wronged by the judgment of the circuit court in W. J. Moore's favor.

Third appeal. The record will not allow us to decide that too neither attacked the mortgage nor, by impleading, litigated with the appellee, N. D. Moore, the question of priority, nor claimed any judgment against him—and, as co-defendants with him, they can not maintain an appeal against him. Moreover, as most of the land was subject to a lien for the consideration owed by the mortgagor, and the mortgagee's suretyship on the replevin bonds was simultaneous with the mortgage for his indemnity— and the proceeds of the sale were distributed according to the equitable priorities, these appellants do not appear to have been injured by the mode of distribution which was equitable and apparently right—and so lift the deficit to which they and M. D. Moore were required to contribute ratably, because his claim on account of the replevin bonds had priority over all others, and these appellants had no right to participate in it. The judgment of which they complain is, therefore, *affirmed*.

. But the judgment on M. D. Moore's cross-appeal is reversed, and for that reason the cause is remanded for a proper judgment in his favor.

The unsuccessful party in each appeal must pay the costs of his own appeal to be equitably apportioned, and so distributively taxed.

*Trimble, for appellants.*

*Ward, for appellees.*